ORIGINAL
D&F
C/M
FILED
A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

NATHANIEL JAY,

        Petitioner,

-against-

J. HAROLD RILEY, Superintendent,

        Respondent.

----------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-04-5589(FB)

*Appearances:*
*For the Plaintiff:*
NATHANIEL JAY, *Pro Se*
05-A-0151
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

*For the Defendant:*
DENIS DILLON, Esq.
District Attorney, Nassau County
By: TAMMY J. SMILEY, Esq.
    CHRISTIN N. CONNELL, Esq.
Assistant District Attorneys
262 Old Country Road
Mineola, NY 11501

**BLOCK, District Judge:**

        Petitioner Nathaniel Jay ("Jay") filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his conviction in New York Supreme Court, Nassau County, on charges of robbery and criminal use of a firearm in the first degree. Jay's petition asserts that his due process rights were violated by the state court's failure to hold a preliminary hearing, and that he was denied his right to a speedy trial under the Sixth Amendment and N.Y.C.P.L. § 30.30(2)(a). Respondent moves to dismiss the petition pursuant to 28 U.S.C. § 2244(d) on the ground that Jay's claims are unexhausted because (1) Jay's direct appeal has not yet been perfected, and (2) although Jay raised his speedy

1

trial and due process claims in a previous state habeas petition, this was not the proper procedural vehicle to present the claims; therefore, the state courts were not afforded an opportunity to consider their merits. For the reasons set forth below, the motion to dismiss the petition is denied.

## I.

It is well settled that "federal habeas relief is not available unless 'the applicant has exhausted the remedies available in the courts of the State.'" *Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003) (quoting 28 U.S.C. § 2254(b)(1)(A)). A petitioner is deemed to have exhausted his state judicial remedies where the issue has been fairly presented in the state courts or the petitioner has otherwise given the state courts a fair opportunity to address the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 366-67 (1995). Where a petitioner employs an improper state procedure in presenting his claims, a federal court cannot conclude that the state court was given a "fair opportunity to pass on [the petitioner's] claim." *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

Under New York law, the writ of habeas corpus generally "may not be utilized as a substitute for direct appeal" except when "dictated . . . by reason of practicality and necessity." *Keitt v. McMann*, 18 N.Y.2d 257 (1966). Where an issue cannot be raised on direct appeal, it may appropriately be presented in a state habeas petition. *See, e.g., People ex rel. Chawkin v. Warden*, 63 N.Y.2d 120, 125 (1984) (holding that speedy trial claim was cognizable on habeas where relief sought by petitioner was release from custody pending trial, noting that "once the defendant's case is tried the legality of his pretrial detention is mooted," and that this is a situation where "[d]eparture from traditional orderly proceedings, such as appeal, should be permitted . . . by reason of practicality and

necessity") (citations and quotations marks omitted).

To the extent that Jay's speedy trial and due process claims seek to challenge the propriety of his custody pending trial, these claims may not be raised on direct appeal; they were cognizable in Jay's state habeas petition, and appear to have been exhausted because the petition was denied by the Appellate Division and the Court of Appeals denied leave to appeal. To the extent that Jay's federal petition attempts to challenge the legality of his indictment and state court conviction, those claims must first be raised on direct appeal, and because Jay's appeal is *sub judice* before the Appellate Division, they are unexhausted.

Since Jay's petition contains both exhausted and unexhausted claims, the Court will stay the petition and hold it in abeyance while Jay exhausts his remaining claims.[1] See *Rhines v. Weber*, 544 U.S. 269 (2005).

## II.

The motion to dismiss is denied and Jay's habeas petition is stayed pending exhaustion of his unexhausted federal claims in state court. Jay must notify the Court within 30 days thereafter of the claims he wishes to present in federal court.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, NY
January 20, 2006

---

[1] Exhaustion requires that Jay "present his federal constitutional claims to the highest court of the state." See *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991).

3